911 F.2d 724
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Freddie TAYLOR, Plaintiff-Appellant,
v.
CUMBERLAND COUNTY DISTRICT ATTORNEY'S OFFICE, Sharon Rippe,
Assistant Prosecutor, Defendants-Appellees.
 89-7626.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 26, 1990.
Decided July 26, 1990.
 
 On Petition for Rehearing.
 Freddie Taylor, appellant pro se.
 Lacy Herman Thornburg, Office of the Attorney General of North Carolina, Raleigh, N.C., Edward W. Grannis, Jr., District Attorney, Fayetteville, N.C., for appellees.
 896 F.2d 547.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Freddie Taylor, a North Carolina prisoner, brought this 42 U.S.C. Sec. 1983 action against the Cumberland County District Attorney's office and assistant prosecutor Sharon Rippe alleging that the defendants violated his civil rights when Rippe filed a misdemeanor charge against him in superior court rather than in district court. Judge Howard dismissed the action as frivolous. Taylor brought a motion for reconsideration under Fed.R.Civ.P. 59, but the motion was denied. He brought another motion for reconsideration, and that motion, too, was denied. He then brought a petition for writ of mandamus in the district court seeking an order by Judge DuPree vacating Judge Howard's previous orders. Judge Britt denied the mandamus petition on the ground that district court judges do not have the authority to vacate orders of other district court judges. Taylor appealed and filed a petition for writ of mandamus in this Court seeking reversal of Judge Britt's order.
 
 
 2
 We initially dismissed the appeal because it appeared to be untimely; however, we now grant Taylor's motion for rehearing because the appeal was in fact timely under Houston v. Lack, 487 U.S. 266 (1988).
 
 
 3
 Although we grant the petition for rehearing, we affirm the order below for the reasons stated by the district court in its denial of Taylor's mandamus petition.* Taylor v. Cumberland County, CA-89-31-CRT (E.D.N.C. April 10, 1989).
 
 
 4
 Finally, we deny Taylor's petition for writ of mandamus because mandamus relief was not the only possible means of securing the relief requested by Taylor. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 We note that the appeal of the denial of Taylor's mandamus petition is not sufficient to attack the underlying dismissal of his 42 U.S.C. Sec. 1983 action because the mandamus petition was not filed within 10 days of entry of the first order dismissing the Sec. 1983 action. Therefore, the mandamus petition does not act as a Rule 59 motion to toll the time for appealing the original judgment. See Otto v. Variable Annuity Life Ins. Co., 814 F.2d 1127, 1139 (7th Cir.1987), cert. denied, 56 U.S.L.W. 3805 (U.S. May 24, 1988) (No. 87-600)